UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-62089-CIV-ALTMAN/HUNT

ATAIN SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

HENRY'S CARPET & INTERIORS, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion for Attorneys' Fees, ECF No. 42, and Defendant's Motion to Tax Costs, ECF No. 39. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. *See* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, the Response, and the Reply, the undersigned respectfully RECOMMENDS that Defendant's Motion for Attorneys' Fees, ECF No. 42, be GRANTED in part and Defendant's Motion to Tax Costs, ECF No. 39, be DENIED as moot for the reasons set forth below.

## BACKGROUND

Atain Specialty Insurance Company ("Plaintiff") brought this action against Henry's Carpet & Interior, Inc., ("Defendant") and Grycon seeking declaratory relief under an insurance policy that is at issue in a separate litigation ("underlying litigation") between Defendant, the insured under the policy, and Grycon. ECF No. 1. Plaintiff, as the insurer of the policy, sought declaratory relief claiming that it had no duty to defend or indemnify Defendant in the underlying litigation. ECF No. 1. During a hearing on Defendant's

Motion to Stay, Defendant made an *ore tenus* motion to dismiss the case without prejudice. ECF No. 38. Following the hearing, the Court granted Plaintiff leave to amend the complaint and Plaintiff filed the Amended Complaint. ECF Nos. 35, 36. Plaintiff then filed a notice that it did not oppose the *ore tenus* motion to dismiss the amended complaint without prejudice. ECF No. 37. The Court dismissed the action without prejudice and closed the case. ECF No 38.

Defendant moved to tax costs and for attorneys' fees. *See* ECF Nos. 39, 42. Plaintiff filed responses in opposition to both motions and Defendant filed replies in support of both motions. *See* ECF Nos. 40, 41, 46, 49.

## **PARTIES' ARGUMENTS**

Defendant contends that it is entitled to fees pursuant to Section 626.9373(1) of the Florida Statutes because the Court dismissed the case without prejudice. Defendant seeks attorneys' fees in the amount of $64,372.50.[1] Defendant's counsel also contends that the hourly rates sought and the hours expended are reasonable.

Plaintiff responds that Defendant is not entitled to fees. In the underlying litigation, Plaintiff claims that after two years from the filing of the original complaint and one month after Plaintiff filed the instant action, Grycon amended its complaint and raised additional allegations. According to Plaintiff, that is why Plaintiff needed to amend its complaint and did not object to the dismissal without prejudice. Thus, Plaintiff contends that it is premature to award fees at this time given that the underlying litigation is still ongoing. Plaintiff next argues that the amount of fees sought by Defendant is not reasonable for a

---

1. Defendant initially sought $50,299.00 in attorneys' fees; however, in its Reply Defendant stated it is seeking $64,372.50 in attorneys' fees after filing the Reply in support of its Motion for Attorneys' Fees. *See* ECF Nos. 42, 49.

case that consisted of only one hearing and no discovery. Plaintiff contends that if fees are awarded, the fee award should be reduced to $18,900.00. Plaintiff argues that it had a reasonable basis to assert that there was no coverage under the policy exclusions pursuant to the original complaint in the underlying litigation. In regard to the billing entries, Plaintiff contends that Defendant's entries for certain tasks are for an unreasonable amount of time. For example, Plaintiff claims that Defendant's counsel billed over nineteen hours for the reply to the motion to stay and twenty-two hours for the hearing on the motion to stay, which Plaintiff claims ended up being moot because Plaintiff informed Defendant's counsel that it did not object to the stay on the basis of the amended complaint in the underlying litigation.

Defendant replies that all the litigation expenses that were incurred are a result of Plaintiff's actions. Defendant contends that it wanted to stay the litigation early on and that Plaintiff refused to do so until two days before the hearing on the Motion to Stay. However, Defendant states that at this point the motion had already been fully briefed and prepared for. Defendant argues that once Plaintiff explained that it did not oppose the stay, Defendant then needed to readjust its argument in preparation for the hearing. Defendant also argues that Plaintiff did not comply with Local Rule 7.3 in providing objections to specific time entries and thus Plaintiff's objections to Defendant's hourly rate and time entries should be dismissed. Defendant claims that Plaintiff's argument regarding the amendment in the underlying litigation is a red herring and should be ignored.

**ENTITLEMENT**

Section 626.9373(1) of the Florida Statutes states:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

The purpose behind the statute is to "to place the insured . . . in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." *Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1253 (S.D. Fla. 2019) (alteration in original).

The undersigned finds *Capitol Specialty Insurance Corp. v. Ortiz* to be instructive on whether Defendant is entitled to fees. No. 17-233329-CIV-SCOLA/TORRES, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, 2019 WL 367916 (S.D. Fla. Jan. 30. 2019). In *Ortiz*, the insurer sought to amend its complaint after the plaintiff in the underlying litigation amended its complaint against the insured. *Id.* The Court dismissed the case without prejudice and granted the insurer leave to refile in a separate litigation. The Court noted that the procedural posture of the case was the mirror image of a similar case in this district and that "the overarching principle . . . is that a dismissal without prejudice for lack of subject matter jurisdiction triggers the application of § 626.9373." *Id.* at *4; *see also Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 Fed. App'x 962, 963 (11th Cir. 2008) ("By its very terms [Fla. Stat. §627.428(1)] does not require an insured party to succeed on the merits of a case in order to recover

4

attorney's fees.")[2].

Here, like *Ortiz*, the instant action was dismissed without prejudice and with allowance to refile. However, unlike *Ortiz*, the Court allowed Plaintiff to refile the amended complaint in the same action. As the *Ortiz* court noted, this is a "distinction without a difference" because the Court's dismissal of the instant action without prejudice triggers § 626.9373. *Id.* Thus, the undersigned finds that Defendant is entitled to reasonable fees and costs under § 626.9373.

## **FEE AMOUNT**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested

---

2.   The only difference between § 627.428 and § 626.9373 is that § 627.428 applies generically to insurers whereas § 626.9373 applies to surplus line insurance carriers. *Ortiz*, 2019 WL 383868, at *3; *see also Stavrakis v. Underwriters at Lloyd's London*, Case No.: 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[T]hose sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference.") (citations omitted).

rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

1. <u>Reasonable Hourly Rate</u>

Defendant seeks $64,372.50 in attorneys' fees based upon professional services rendered. ECF No. 49. Specially Defendant seeks: a combined total of $43,655.00 for attorney Arya Li; $24,447.50 for attorney Maria Dennison; $51.00 for paralegal Linda Mulhall; and $3,864.00 for paralegal Monica Garcia. ECF No. 49.

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered Defendant's Motion, Reply, and the *Johnson* factors. Attorney Li requests an hourly rate of $425.00 for work done in 2020 and $450.00 for work done in 2021. Attorney Li supports her hourly rate with her 12 years of experience, a majority of which she states have been devoted to insurance-related disputes. Plaintiff objects to Attorney Li's requested hourly rate. This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from cases in this District, which Defendant's counsel has done. ECF No. 55. Notably, Attorney Li has not received the hourly rate she currently seeks from any court in this District. *Id.* Recently, Attorney Li was awarded an hourly rate of $300.00, although she requested $425.00 from a court in this District. *Id.* That fee award has been objected to and no ruling has been made as of the time of this Report and Recommendation. *Id.* Based upon this Court's own knowledge and experience, the length and extent of litigation involved in the instant case, as well as in conformity with recent rulings in the District, this Court concludes that a $375.00 hourly rate is reasonable for an attorney with Li's experience.

Next, this Court has considered attorney Maria Dennison's credentials detailed in the Motion and the *Johnson* factors. Attorney Dennison requests an hourly rate of $275.00, citing her two years of experience primarily focused on insurance disputes. ECF No. 42. Ms. Dennison has not been awarded fees in this District. Plaintiff initially stated that it did not object to Ms. Dennison's hourly rate, however, in its response Plaintiff

claimed that an hourly rate of $250.00 would be reasonable for an attorney with Ms. Dennison's experience.  ECF No. 55 n.1.  Based upon this Court's own knowledge and experience, as well as in conformity with recent rulings in the District, this Court concludes that a $275.00 hourly rate is a reasonable rate for an attorney with Dennison's experience.

Next, Defendant also requests an hourly rate of $230.00 for paralegal Monica Garcia and hourly rate of $255.00 for paralegal Linda Mulhall.  Ms. Garcia has been previously awarded fees in this District at hourly rates of $230.00 and $100.00.  ECF No. 55.  The award that deemed an hourly rate of $100.00 reasonable for Ms. Garcia has been objected to.  ECF No. 55.  Plaintiff objects to Ms. Garcia's requested hourly rate and contends that an hourly rate of $175.00 would be reasonable for a paralegal with Ms. Garcia's experience.  Based upon this Court's own knowledge and experience, as well as in conformity with recent rulings in the District, this Court concludes that a $200.00 hourly rate is reasonable for a paralegal with Ms. Garcia's experience.

In regard to Ms. Mulhall, Defendant does not state her credentials or provide any support for her hourly rate.  *See* ECF Nos. 49, 55.  Ms. Mulhall's name appears for the first time in Defendant's Reply; thus, Plaintiff had no opportunity to object Ms. Mulhall's requested hourly rate.  Nevertheless, based upon this Court's own knowledge and experience, as well as in conformity with recent rulings in the District, this Court concludes that a $200.00 hourly rate is reasonable for Ms. Mulhall.

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on the attorney's exercise

of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Defendant seeks attorneys' fees for 162.3 hours of work.  This is based on 97.6 hours of work from Ms. Li and 64.7 hours of work from Ms. Dennison.  The fees were incurred while communicating with the client, reviewing records and pleadings, communicating with co-counsel and opposing counsel, drafting and filing the Answer, Motion to Stay, and Motion for Attorneys' Fees. ECF No. 42-1.  In support of this Motion, Defendant's counsel have submitted a joint fee statement.  ECF. Nos. 42-1.  The undersigned has reviewed the billing records line-by-line, compared them to the filings generated, and finds that some of the hours expended on the indicated tasks are not reasonable.

Specifically, attorneys Li and Dennison spent a combined total of 7.6 hours drafting and revising the Motion to Stay.  Individually, Li spent 2.1 hours and Dennison spent 5.5 hours working on the motion.  The undersigned finds that Ms. Dennison's hours should be reduced by 2.0 assigned to this task.

Next, the fee statement states that the attorneys spent a combined total of 19.2 hours (Ms. Li spent 8.9 hours and Ms. Dennison spent 10.3 hours) drafting and revising the reply to Plaintiff's Opposition to Defendant's Motion to Stay.  The undersigned finds

the time spent by both attorneys to be excessive and deducts 3.0 hours from both Ms. Li's and Ms. Dennison's time spent. Thus, Ms. Li's time spent shall be 5.9 hours and Ms. Dennison's time spent shall be 7.3 hours.

Additionally, the fee statement details that the attorneys spent a combined total of 14.3 hours preparing for the hearing on the Motion to Stay. Ms. Li spent 13.9 hours preparing for the hearing and Ms. Dennison spent .4 hours preparing for the hearing. The Parties provided argument as to why the hours should or should not be reduced. The undersigned agrees with Plaintiff to a certain extent that the hours billed are excessive. Thus, the undersigned deducts 5.0 hours from Ms. Li's time spent and reduces the compensable amount to 8.9 hours.

Next, the fee statement states that Defendant's attorneys spent a combined total of 9.1 hours on its Reply in Support of its Motion to Tax Costs. Ms. Dennison spent 6.4 hours, while Ms. Li spent 2.7 hours working on the Reply. The undersigned finds that the combined total is excessive and deducts 2.0 hours from Ms. Dennison's requested hours and 1.0 hour from Ms. Li's requested hours. Therefore, Ms. Dennison's hours are reduced to 4.4 and Ms. Li's hours are reduced to 1.7.

In sum, Ms. Li's hours are reduced by 9.0 hours for a total of 88.6 hours and Ms. Dennison's hours are reduced by 7.0 hours for a total of 57.7 hours.

Next, Paralegal Garcia seeks compensation for 16.8 hours of work. A court may award fees for the work of paralegals, but "only to the extent that [they] perform work traditionally done by an attorney." *Hansen v. Deercreek Plaza*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006); (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D.Fla.2002)). However, "work that is clerical or secretarial in nature is

not separately recoverable." *Id.*; *see also Scelta*, 203 F. Supp. 2d at 1334 (denying attorneys' fees for certain clerical and secretarial tasks such as gathering materials, copying, mailing, and refiling them). The Court has reviewed the fee statement's entries related to Ms. Garcia and finds that while some entries detail tasks traditionally done by an attorney, such as reviewing citations, researching, and communicating with counsel, some of the other tasks are clerical or secretarial in nature. For example, the statement details tasks such as preparing materials in searchable format, uploading materials to internal drives, applying bates stamp labels, and retrieving materials for attorneys. Thus, the undersigned finds that Ms. Garcia is entitled to compensation for 10.8 hours of work.

Next, Paralegal Mulhall seeks compensation for .2 hours of work. Based on this Court's knowledge and after reviewing the fee statement, the undersigned finds that Ms. Mulhall is entitled to full compensation.

Lastly, Plaintiff contends that Defendant seeks compensation for entries that have been redacted and objects to such entries. Defendant has submitted unredacted time records for the undersigned to review. *See* ECF No. 56. After reviewing the unredacted entries line by line, the undersigned finds that while some entries should not have been redacted, Defendant is entitled to compensation for the redacted entries.

3.   <u>Lodestar Amount and Adjustment</u>

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the

lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Defendant's attorneys' and paralegals' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $51,292.50 ($33,225.00 for Ms. Li, $15,867.50 for Ms. Dennison, $2,160.00 for Ms. Garcia, and $40.00 for Ms. Mulhall).

4.   Costs

Defendant seeks to recover $32.70 in litigation costs pursuant to 28. U.S.C. § 1920, which result from printing pleadings and motions.[3] Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

3.   Defendant filed a separate Motion to Tax Costs; however, in the Motion for Attorneys' Fees Defendant requests to tax the same costs sought in the separate Motion. For judicial efficiency, the undersigned will address Defendant's request to tax costs in the Motion for Attorneys' Fees rendering Defendant's Motion to Tax Costs moot. *See* ECF Nos. 39, 42.

The party challenging costs bears the burden of demonstrating that the costs are not recoverable.  See *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).  Here, the undersigned finds that Plaintiff has not met its burden of showing that the copies of the pleadings were not necessary for use in the case.  Further, the undersigned finds that Defendant would be entitled to such costs pursuant to Section 626.9373 of the Florida Statutes.  Fla. Stat. § 626.9373(1) ("the trial court . . . shall adjudge or decree against the insurer in favor of the insured . . . a reasonable sum as fees or **compensation** for the insured's . . . attorney **prosecuting the lawsuit**") (emphasis added).  Therefore, the undersigned finds that Defendant, as the prevailing party, is entitled to recover $32.70 in taxable costs.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Attorneys' Fees, ECF No. 42, be GRANTED in part and that Defendant's Motion to Tax Costs, ECF No. 39, be DENIED as moot. Defendant should be awarded fees in the amount of $51,292.50 ($33,225.00 for Ms. Li, $15,867.50 for Ms. Dennison, $2,160.00 for Ms. Garcia, and $40.00 for Ms. Mulhall).  Defendant should also be entitled to recover $32.70 in taxable costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 12th day of July 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record