UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62089-CIV-ALTMAN/Hunt

ATAIN SPECIALTY INSURANCE
CO.,

    *Plaintiff*,

v.

HENRY'S CARPET & INTERIORS,
INC., *et al.*,

    *Defendants.*
_____/

# ORDER

    Florida law requires us to award attorneys' fees to an insured who wins a judgment against its insurer. Because we dismissed this declaratory-judgment action—brought by an insurer against its insured—we have no discretion to deny an award of reasonable attorneys' fees. And, since there's nothing left to litigate here, the question of fees is now ripe for adjudication. After careful review, we **ADOPT** Magistrate Judge Hunt's Report and Recommendation ("R&R") [ECF No. 58] and **GRANT** *both* the Motion to Tax Costs [ECF No. 39] *and* the Motion for Attorney's Fees [ECF No. 42].

## BACKGROUND

    Grycon-Burling sued Henry's Carpet & Interiors in state court. *See* Complaint [ECF No. 1] ¶ 12. Grycon was the general contractor for a construction project, and it alleged that Henry's—its subcontractor—installed defective flooring at the apartment. *Id.* (citing *Grycon-Burling JV LLC v. Henry's Carpet & Interiors, Inc.*, CACE-19-002573 (Fla. Cir. Ct.) (the "Underlying Action")). Henry's tendered the defense to its general liability insurer, Atain Specialty Insurance Co., which defended Henry's under a reservation of rights. *Id.* ¶¶ 13–15.

Atain then filed this lawsuit against both Grycon and Henry's, seeking a declaration that it had no duty to defend or indemnify the claims in the Underlying Action. *Id.* ¶ 24. The Complaint alleged that Grycon was pursuing compensation for the repair and replacement of the defective *flooring*—but insisted that Grycon wasn't claiming damages to *the apartment* itself. *Id.* ¶¶ 28–38. And, according to Atain, there was no coverage in the generally liability policy for the flooring. *Id.* Atain also invoked various policy exclusions for claims related to Henry's "work" or "product." *Id.* ¶¶ 39–51.

Shortly after Atain sued, Henry's moved to stay the duty-to-indemnify claim, arguing that it was premature while the Underlying Action was still pending. *See* Motion to Stay [ECF No. 13]. Atain opposed that request. *See* Response in Opposition to Motion to Stay [ECF No. 23]. A day before the hearing on the Motion to Stay, Atain sought leave to file an amended complaint, noting that Grycon had just amended its complaint in the Underlying Action to include "additional allegations" about "damages to the [apartment] which [had] never previously been alleged." Motion for Leave to Amend [ECF No. 32] ¶ 5. In its proposed amended complaint, Atain dropped the duty-to-defend claim and sought only a declaration that it had no duty to indemnify. *See* Proposed Amended Complaint [ECF No. 32-1] at 12.

At the hearing on the Motion to Stay, Atain represented that it no longer opposed a stay of its duty-to-indemnify claim. *See* Jan. 16, 2021 Hr'g [ECF No. 34]. Thus, because the duty-to-indemnify claim would be stayed—and because Atain had just dropped the duty-to-defend claim—Henry's made an *ore tenus* motion to dismiss the entire case without prejudice. *Id.* We didn't rule on that motion at the hearing, *see id.*, but later issued an order (1) staying the case, (2) giving Atain leave to file its amended complaint, and (3) requiring Atain to tell us whether it opposed the *ore tenus* motion to dismiss, *see* Order [ECF No. 35]. Atain filed its Amended Complaint [ECF No. 36] and then gave notice that it did *not* oppose the motion to dismiss, *see* Notice [ECF No. 37]. We therefore

2

dismissed the case without prejudice. *See* Order of Dismissal [ECF No. 38]. After the dismissal, Henry's filed a Motion to Tax Costs, seeking $32.70 in printing expenses. It also filed a Motion for Attorney's Fees, asking for $50,299.00 in attorneys' fees under FLA. STAT. § 626.9373.

Atain opposed the motions for fees and costs. In its Response to the Motion to Tax Costs [ECF No. 40], it claimed that, based on the *original* complaint in the Underlying Action, it didn't have a duty to defend or indemnify Henry's, *id.* at 5. And, Atain said, Grycon only amended its complaint in the Underlying Action because it recognized that its claims were not covered. *Id.* at 6. In Atain's view, then, Henry's never "prevailed" in this case and, as a result, shouldn't stand to benefit from Grycon's strategic amendment. *Id.*

In opposing Henry's request for fees, Atain similarly argued (1) that, when it filed the Complaint, its request for declaratory judgment *was* meritorious and (2) that Henry's request for fees is premature because this Court hasn't resolved the question of coverage. *See* Response to the Motion for Attorney's Fees [ECF No. 46] at 3. Atain also contended that, if this Court were to award fees, $50,299.00 was an "egregious" sum—given that the case had lasted only three months and involved "no discovery, one hearing, [and] one motion filed on behalf of Henry's." *Id.* at 4. To this last point, Atain appended the report of an expert who, based on a review of the billing records, concluded that the fees should be reduced to $18,900. *Id.* at 5 & Ex. A. In its Reply [ECF No. 49], Henry's added the fees and costs it incurred in (1) filing the Motions and (2) opposing Atain's motion for an extension of time to respond to the Motions, *id.* at 3 n.2—bringing its total request to $64,372.50, *id.* at 8.

After careful review, Magistrate Judge Hunt issued his R&R, in which he concluded that Henry's *is* entitled to reasonable costs and fees under FLA. STAT. § 626.9373, because the entire case was dismissed without prejudice. *Id.* at 4–5. As for the amount of the fees, Judge Hunt suggested some adjustments to the proposed hourly rates and the number of hours Henry's' lawyers expended

3

on the case. *Id.* at 6–11. In total, he recommended an award of $51,292.50 in fees and $32.70 in costs. *Id.* at 13.

Atain now objects to the R&R—arguing (again) that Henry's shouldn't benefit from Grycon's amendment and that an award of fees would be premature before the coverage question is resolved. *See* Objections [ECF No. 61] at 3–4. In the alternative, it asks us to modify the fee *amount*—citing its expert, who determined that the fees should be reduced to $18,900.00. *Id.* at 4–6. Henry's filed a response to the Objections, contending that the R&R was not clearly erroneous. *See generally* Response to R&R [ECF No. 62]. This Order follows.

## STANDARD OF REVIEW

Although the parties seem to agree that our review of the R&R should be for clear error—*see* Objections at 2–3 (citing FED. R. CIV. P. 72(a) (addressing non-dispositive matters)); *id.* at 3 (claiming that the Magistrate Judge "clearly erred"); *see generally* Response to R&R (arguing that the Magistrate Judge did not "clearly err")—attorneys' fees are treated as dispositive matters when referred to a magistrate judge, *see* FED. R. CIV. P. 54(d) (a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a *dispositive* pretrial matter" (emphasis added)). And, under Rule 72(b), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P 72(b). So, despite the parties' agreement, we'll review the R&R *de novo*.

## THE LAW

The applicable Florida statute provides as follows:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

4

FLA. STAT. § 626.9373(1).[1] The purpose of the statute is to "discourage insurers from contesting valid claims and to reimburse successful insureds for attorney's fees when they must sue to enforce their insurance contracts." *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 397 (Fla. 5th DCA 2007) (quoting *Progressive Express Ins. Co. v. Schultz*, 948 So. 2d 1027, 1029–30 (Fla. 5th DCA 2007)). Accordingly, Florida courts award attorneys' fees under the statute "even in cases where the insured party did not prevail 'on the merits.'" *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008) (collecting cases).

## ANALYSIS

Atain's first argument—that it properly filed the declaratory-judgment action based on the *original* complaint in the Underlying Action—has some practical appeal. Why, after all, should we penalize an insurance company for filing a meritorious lawsuit and then backing out of that lawsuit once the underlying complaint, as amended, proves the lawsuit's unviability? Ultimately, though, the argument assumes too much. We, after all, never had occasion to say whether the allegations of the *original* complaint (in the Underlying Action) triggered the duty to defend—though we note that the standard is generally quite favorable to the insured. *See Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005) ("Any doubts regarding the duty to defend must be resolved in favor of the insured."); *Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.*, 696 So. 2d 907, 910 (Fla. 3d DCA 1997) ("[W]here a complaint alleges facts that are partially within and partially outside the coverage of an insured's policy, the insurer is not only obligated to defend, but must defend that entire suit.").

Either way, the plain language of the statute requires that, "upon the rendition of a judgment in favor of" the insured, the trial court "*shall* adjudge or decree against the insurer in favor of the

---

[1] This statute, applicable to "surplus lines insurers," is nearly identical to FLA. STAT. § 627.428, which applies more generally to "insurers." Like other courts, we rely on cases applying either provision. *See, e.g.*, *Lumpuy v. Scottsdale Ins. Co.*, 2015 WL 1708875, at *3 n.2 (M.D. Fla. April 15, 2015) (in a case

insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded." FLA. STAT. § 626.9373(1) (emphasis added). In other words, because we dismissed the case, *see* Dismissal Order, the statute *compels* us to enter an award of attorneys' fees. *See Capitol Specialty Ins. Corp. v. Ortiz*, 2019 WL 383868, at *4 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted sub nom. Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019) ("[W]here a suit fits within § 626.9373, the entry of an award of attorneys' fees is mandatory and non-discretionary." (citing *Citizens Property Ins. v. Bascuas*, 178 So. 3d 902, 904 (Fla. 3d DCA 2015))).[2]

Atain counters that, given its acquiescence to Henry's motion to dismiss, our Dismissal Order didn't amount to a "rendition of judgment" within the meaning of Florida law. *See* Objections

---

involving § 626.9373, applying cases interpreting § 627.428 and noting that the statutes are "nearly identical"); *Rowland v. Scottsdale Ins. Co.*, 2012 WL 882552, at *3 (M.D. Fla. March 15, 2012) (same).

[2] We note that, on this point, Atain curiously advances only an all-or-nothing proposition—*viz.*, that Henry's isn't entitled to *any* fees because the declaratory-judgment action was proper when Atain first filed it. *See* Objections at 3–4 ("The Magistrate clearly erred in his Recommendation because fees should not be awarded *at all* as the demand for entitlement to fees is not warranted, and is premature." (emphasis added)). As we've explained, that argument fails under the plain text of the statute. But Atain's all-or-nothing approach also prevents us from answering a more difficult question: whether an insurer can be absolved of having to pay attorneys' fees for those *portions* of the declaratory-judgment action that took place *before* the underlying claimant amended its complaint. *Compare Colony Ins. Co. v. De Robles*, 2009 WL 10667748, at *3 (S.D. Fla. Dec. 8, 2009) (Altonaga, J.) (calling it "troubl[ing]" that the "underlying complaint was being amended seemingly in response to, and therefore to defeat," the insurer's arguments against coverage, but holding that the insurer was responsible for fees for the *whole* declaratory-judgment action anyway), *with Founders Ins. Co. v. Cortes-Garcia*, 2013 WL 461731, at *5 (M.D. Fla. Feb. 7, 2013), *report and recommendation adopted*, 2013 WL 937820 (M.D. Fla. Mar. 11, 2013) ("In enforcing the purpose of [FLA. STAT. §] 627.428, the Court finds that [the insurer] did not act wrongfully from the time it filed its Complaint up until March 21, 2012, when [the insurer] was notified that the Second Amended Complaint was filed in the underlying action. Up until March 21, 2012, there was a legitimate conflict that [the insured] could not resolve on its own, as the initial state court complaint did not allege a basis to warrant coverage under the . . . provisions of the insurance policy. Therefore, as to the information known to the insurance company at the time, a conflict existed that it could not resolve on its own, and attorney's fees are inappropriate for that time period (from the start of this lawsuit through March 21, 2012)."). Since Atain has waived this more nuanced position, we needn't address it today. *See McDonald v. City of Pompano Beach*, 2021 WL 3741646, at *21 (S.D. Fla. Aug. 24, 2021) (Altman, J.) ("Arguments not

at 4. We disagree—not only because Atain doesn't cite (and we cannot find) any authority for this proposition, *see generally id.*, but also because *any* dismissal in favor of the insured—even one without prejudice—constitutes a "rendition of judgment in favor of" the insured for purposes of the Florida statute. *See Ortiz*, 2019 WL 383868, at *4 (holding that "dismissal without prejudice for lack of subject matter jurisdiction triggers the application of § 626.9373," regardless of whether the insurer must re-file the unripe declaratory-judgment action on the same docket or a different one); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, 2011 WL 13214289, at *2 (S.D. Fla. Aug. 22, 2011), *report and recommendation adopted*, 2011 WL 13214290 (S.D. Fla. Sept. 13, 2011) ("'[The insurer] contends that an order dismissing a case without prejudice, for lack of jurisdiction, does not entitle an insured to recover fees under this Florida statute. . . . Judge Gold's [ ] order dismissing [the insurer's declaratory judgment] lawsuit certainly qualifies as such a judgment or decree, and I reject this argument by [the insurer].").

And we know that Atain's acquiescence is irrelevant to our inquiry because Florida law is pellucid that *even* an insurer's decision to *voluntarily* dismiss its case constitutes a "judgment" for the insured. *See O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163, 1164 (Fla. 4th DCA 2004) ("When [the insurer] dismissed the declaratory action, it was thus the 'functional equivalent of a confession of judgment or a verdict in favor of the insured' in the declaratory action." (quoting *Wollard v. Lloyd's & Companies of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983))); *cf. Soil Tech Distribs.*, 270 F. App'x at 963 ("By its very terms [FLA. STAT. § 627.428(1)] does not require an insured party to succeed on the merits of a case in order to recover attorney's fees.").

Atain's second argument—that the question of attorneys' fees is premature until this Court has resolved the outstanding coverage issue—fares little better. It's true, of course, that, in cases

---

properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." (quoting *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009))).

where only the duty-to-indemnify claim has been stayed, *some* courts decline to award fees until the end of the *entire* case. In *Cortes–Garcia*, for example, the district court entered partial summary judgment on the duty-to-defend claim. *See* 2013 WL 461731, at *2. But the court had not yet resolved the duty-to-indemnify claim when the insured moved for fees. *Id.* In denying the motion for fees as premature, the court explained that, inevitably, it would have to rule on a second motion for fees. *Id.* at *7 ("[I]t appears that while technically a judgment has been entered in the case and can be the basis for an insured to recover fees under the statute, that if . . . other issues remain unresolved, the proper procedure is to deny the motion for fees and costs pending a final resolution in the case."). Similarly, in *Axis Surplus Insurance Co. v. Contravest Construction Co.*, 877 F. Supp. 2d 1268 (M.D. Fla. 2012), the district court held that the insured's motion for attorneys' fees was premature because the court had deferred ruling on the question of indemnification, *id.* at 1269–71.

Here, by contrast, we dismissed the *whole* case, *see* Dismissal Order—which means that there's nothing left to litigate *in this lawsuit*. And, in scenarios like ours, courts generally find that the question of fees and costs *is* ripe. *See Arch Specialty Ins. Co. v. Highlands at Hunter's Green Condo. Ass'n, Inc.*, 2021 WL 1795557, at *3 (M.D. Fla. Feb. 16, 2021) ("This case is distinguishable from *Axis Surplus* and [*Cortes-Garcia*] in an important way: here, there is nothing left to litigate *in this proceeding*; judicial economy is not served by reserving ruling on [the insured's] fees motion. . . . In other words, there is a distinction between unresolved issues that will take place in a wholly separate proceeding and those that the same court will decide."); *see also Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 2018 WL 2945613, at *3 (M.D. Fla. May 25, 2018), *report and recommendation adopted*, 2018 WL 2938425 (M.D. Fla. June 12, 2018) ("The fact that a resolution on the merits of an insurer's claim will be made later or in another forum does not eliminate entitlement to fees under [FLA. STAT. §] 627.428.").

We turn, then, to Atain's final argument—that Henry's' total request of $64,372.50 in attorneys' fees, *see* Motion for Attorney's Fees at 8, isn't "reasonable," Objections at 4–7. After applying the adjustments he proposed to the lawyers' hourly rates and the number of hours they worked, Magistrate Judge Hunt recommended a fees award of $51,292.50. *See* R&R at 13. In its Objections, Atain again refers to its expert's report, which found only $18,900.00 of these fees reasonable. *See* Objections at 5 & Ex. A.

After reviewing the R&R *de novo*, we agree with Magistrate Judge Hunt's well-reasoned recommendations. *First*, Judge Hunt properly adjusted the proposed hourly rates based on fee awards that courts in this District have given to the same attorneys and paralegals who are involved in this case. *See* R&R at 7–8. *Second*, Judge Hunt carefully reviewed the billing records and reduced excessive hours for several projects. *Id.* at 8–11. For the reasons given in the R&R, we agree with each of these reductions. *Finally*, we agree with Judge Hunt that there's no reason to depart from the lodestar calculation in this case. *See Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010) (explaining that "there is a 'strong presumption' that the lodestar figure is reasonable," and adding that the presumption may be overcome only in those "rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee").[3]

\*\*\*

Having carefully reviewed the motions, the record, and the governing law, the Court hereby **ORDERS** and **ADJUDGES** as follows:

---

[3] Atain does not specifically object to the award of $32.70 in costs. *See generally* Objections. We've, therefore, reviewed this portion of the R&R for clear error, *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")—and, finding none, we now **AFFIRM** the Magistrate Judge's determination that those costs are reasonable.

9

1. The R&R [ECF No. 58] is **ADOPTED in full**.

2. The Motion to Tax Costs [ECF No. 39] is **GRANTED**.

3. The Motion for Attorney's Fees [ECF No. 42] is **GRANTED**.

4. The Defendant, Henry's Carpet & Interiors, Inc., shall be awarded $51,292.50 in fees and $32.70 in costs—for a total award of $51,325.20, for which sum execution shall now issue.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record